IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHNNY McCRAY, JR., | § | |
| | § | |
| *Petitioner,* | § | |
| | § | Civil Action No. 2:13cv521 |
| v. | § | |
| | § | |
| TOM McCOOL, | § | |
| | § | |
| *Respondent.* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Johnny McCray, Jr., previously confined at the Harrison County Jail, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this purported petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Having reviewed the purported petition, the Court issued an Order on March 19, 2014, observing that:

> Petitioner filed the instant civil action on a preprinted form used for petitions for writs of habeas corpus, and it is filed as such. He left the majority of the form blank, however, including information the Court requires for processing of such petitions. In the blanks for grounds for relief asserted in a habeas petition, Petitioner complained of deliberate indifference of medical case in his case, alleging he requires treatment for certain medical conditions. Petition at PageID #6-7. He has failed to provide the Court with any information, however, beyond this bare allegation and the assertion that he has filed one or more grievances at the Harrison County Jail. The effect of this incomplete document is to leave the question whether Petitioner is seeking habeas relief (and of what nature) or vindication of a constitutional right under a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, the petition is deficient.

Order of Deficiency (docket entry #5), at 1. The Order also noted that Petitioner's Motion to Proceed *In Forma Pauperis* was also deficient for failure to provide any data sheet from his inmate

trust fund account. He was directed to file an amended petition or complaint clarifying whether he was seeking federal habeas or civil rights relief and a new *in forma pauperis* motion, with data sheet, within 14 days. He was placed on notice that failure to comply may result in the dismissal of his action.

On March 20, 2014, Captain John Hain of the Harrison County Jail responded to the Order, indicating that Petitioner had been transferred to the Texas Department of Criminal Justice several months earlier and is no longer incarcerated in Harrison County. Docket entry #6. However, Petitioner has failed to provide any updated address or contact information to the Court in order to communicate regarding the petition. It therefore appears that Petitioner has abandoned his action.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its

benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id*. at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id*.

Here, Petitioner has failed to keep the Court informed of his address and/or whereabouts for the purpose of proceeding in his action or complying with the Court's Order to clarify the nature of his complaint. Therefore, it appears he has abandoned his action. His intentions and actions do not threaten the judicial process and a dismissal with prejudice or a fine is inappropriate. A dismissal without prejudice is the best option.

## RECOMMENDATION

It is therefore recommended that the petition be **DISMISSED** without prejudice for failure to prosecute and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 21st day of April, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE